IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| JAMES G. HUFFMAN | * | |
| Plaintiff, | * | |
| v. | * | 2:06-CV-1064-WKW |
| | | (WO) |
| AUTAUGA COUNTY METRO JAIL, *et al.*, | * | |
| | * | |
| Defendants. | | |

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, James Huffman ["Huffman"], an inmate incarcerated at the Autauga County Metro Jail located in Prattville, Alabama, filed this 42 U.S.C. § 1983 action on November 29, 2006. He complains that jail personnel improperly confiscated his personal property on September 12, 2006. Huffman requests that the personal items taken be returned to him and that he be awarded monetary damages. Named as defendants are the Autauga County Metro Jail, Sheriff James Johnson, Captain Larry Nixon, Lieutenant S. Lamar, and Sergeant Liles.

Upon review of the complaint, the undersigned concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(ii).[1] *See Neitzke v.*

_____

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992).

## I.  FACTS

Huffman complains that Defendants improperly confiscated property from his cell after conducting a shakedown of  inmate living areas. The property about which Huffman complains consists of gold wire-rimmed frames and prescription lenses.[2] Huffman maintains that Defendants' actions were arbitrary and capricious and amounts to theft of property. Huffman requests that Defendants replace his prescription eyewear and that he be awarded monetary damages for the physical and emotional "damages" he has endured as a result of Defendants' conduct.  (Doc. No. 1.)

## II.  DISCUSSION

The court understands Huffman to complain that Defendants' allegedly improper confiscation of his property   violated his right to due process. Insofar as Huffman's complaint about the allegedly improper confiscation of his property is concerned, the court finds that under no set of facts is he entitled to relief.

> "If the [property from Plaintiff's cell] was not returned because of [Defendants'] negligence, there has been no unconstitutional deprivation of property.  *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (negligent loss of property does

---

[2]Huffman filed a grievance with  jail personnel wherein he stated that he was missing the gold wire-rim frames of his eyeglasses which had been on a shelf prior to the shakedown. Huffman indicated that the lenses were out of the eyeglass frames because he was cleaning them at the time inmates were ordered removed from their cells for the shakedown. In his grievance, Huffman requested that the wire-rim frames be returned to him. Lt. Lamar responded to Huffman's grievance by informing him that anything removed from his cell was determined to be contraband.  (Doc. No. 3 at pg. 7.)

> not rise to the level of a constitutional violation.) If [Defendants] intentionally refused to return the [property], plaintiff has not alleged a constitutional violation. In *Hudson v. Palmer* the Court ruled that an 'unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Due Process Clause . . . if a meaningful post-deprivation remedy for the loss is available.' 104 S.Ct. at 3202, 82 L.Ed.2d at 407. It is essential to [the instant] complaint that it allege that [Defendants] acted without authorization. If [Defendants] w[ere] acting pursuant to authorization, [their] actions would be within the outer perimeter of [their] duties and would not have violated any clearly established constitutional right and therefore [they] would be immune from suit. *See Scheuer v. Rhodes,* 416 U.S. 232, 247-48, 94 S.Ct. 1683, 1691-92, 40 L.Ed.2d 90 (1974); *Flinn v. Gordon,* 775 F.2d 1551, 1553 (11th Cir.1985). Only if the complaint is construed as alleging that [Defendants] w[ere] acting in bad faith outside the scope of [their] duties can it evade the doctrine of official immunity.

*Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527 (11th Cir. 1986). *See also Holloway v. Walker*, 790 F.2d 1170, 1173-74 (5th Cir. 1986) (finding no breach of federally guaranteed constitutional rights, even where a high level state employee intentionally engages in tortuous conduct, as long as the state system as a whole provides due process of law); *Myers v. Klevenhagen*, 97 F.3d 91, 94-95 (5th Cir. 1996) ("the *Parratt* [*v. Taylor*, 451 U.S. 527 (1981)]/*Hudson* [*v. Palmer*, 468 U.S. 517 (1984)] doctrine protects the state from liability for failing to provide a pre-deprivation process in situations where it cannot anticipate the random and unauthorized actions of its officers." The complainant bears the burden of establishing that the state's post-deprivation remedy is inadequate).

The State of Alabama, through its Board of Adjustment, provides a meaningful post-deprivation remedy for Plaintiff to seek redress for the loss of his property. *Ala. Code* § 41-

3

9-60 *et seq*. (1982).  In light of this adequate state  remedy, Plaintiff's allegation that Defendants violated his due process rights by improperly confiscating his personal property, whether such was the result of negligence or an intentional act, lacks an arguable basis in the law and is, therefore, subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

 It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before December 19, 2006.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein*

4

*v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 11th day of December 2006.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE